# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### Urbana Division

| | |
|---|---|
| STEVEN R. LARSON, ) | |
|           Plaintiff, ) | |
| v. ) | |
| ) | Case No. 06-2076 |
| WAL-MART SUPER STORE, ) | |
| JOE HEATON, RANDY ROCK, ) | |
| and AMY FRITTS, ) | |
|           Defendants. ) | |

## REPORT AND RECOMMENDATION

In April 2006, Plaintiff, Steven Larson, filed a Pro Se Complaint Against Employment Discrimination (#5) against Defendant Wal-Mart Super Store. In the body of the complaint, Plaintiff also listed as Defendants Joe Heaton, Randy Rock, and Amy Fritts (hereinafter "Individual Defendants"). Plaintiff alleges that Defendants violated the Age Discrimination in Employment Act of 1967 (29 U.S.C. §§ 621-634) (hereinafter "ADEA"). Federal jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331.

In May 2006, Individual Defendants filed a Motion To Dismiss Individual Defendants (#9), arguing that individuals cannot be held liable under the ADEA. In June 2006, Plaintiff filed a Motion for Extension of Time To File Response to Defendant's Motion To Dismiss (#15). The Court granted Plaintiff's motion, extending the deadline for a response to June 27, 2006. Plaintiff has yet to file a response. After reviewing the parties' pleadings and Defendant's memorandum, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that the Motion To Dismiss Individual Defendants **(#9)** be **GRANTED**.

### I. Background

The following background is taken from the complaint. Plaintiff, fifty-seven years old, formerly worked for Wal-Mart as a photo lab technician. Plaintiff alleged that Defendant Rock was the store manager and Defendants Heaton and Fritts supervised Plaintiff's work in the photo lab.

Plaintiff alleges that he was the victim of a program to terminate older workers in photo labs and was denied a promotion. He furthers alleges that he was the victim of willful age discrimination because he did not receive the same job training as younger workers. In his complaint, Plaintiff referred to the Charge of Discrimination he filed with the Equal Employment Opportunity Commission (hereinafter "EEOC"), in which he alleged that Walmart refused to give him special training that younger workers received. Around June 2004, he complained to his district manager about the lack of training. He then was "subjected to repeated harassment by [Wal-Mart's] management in that [he] received several disciplinary write-ups and [was] wrongly accused of breaking equipment." (#5, p. 9.) Wal-Mart subsequently fired him in February 2005.

## II.  Standard

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in the claim and draw all reasonable inferences in favor of the nonmoving party. *Gutierrez v. Peters*, 111 F.3d 1364, 1368-69 (7th Cir. 1997). The Court should dismiss the claim only if the nonmoving party cannot prove any set of facts consistent with the allegations of the complaint that would entitle him to relief. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319-20 (7th Cir. 1997).

## III.  Analysis

In their motion to dismiss, Individual Defendants argue that they cannot be sued under the ADEA because only employers can be held liable for claims brought under the statute. Specifically, Individual Defendants contend that the ADEA does not include individuals in the definition of "employer." Plaintiff has not filed a response to the motion to dismiss but in a separate document titled "Case Management Plan" (#19), Plaintiff stated, "I know the three people mentioned cannot be sued." (#19, p. 1.)

The ADEA defines "employer" as "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar

weeks in the current or preceding calendar year." 29 USCA § 623.  The ADEA does not address the liability of individuals such as the supervisors and store manager in this case.

Liability has generally been treated the same under the ADEA, the Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 *et seq.*) (hereinafter "ADA"), and Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-5), with courts applying arguments about individual liability interchangeably to all three statutes.  *EEOC v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1280 (7th Cir. 1995).  Therefore, when addressing the liability of Individual Defendants in this case, the Court will consider case law arising under any of the three statutes.

The Seventh Circuit court has held that individuals cannot be held liable under the ADA and Title VII.  *AIC Sec. Investigations*, 55 F.3d at 1279-80 (holding that individuals cannot be held liable under the ADA based on a review of the statutory language of the ADA, ADEA, and Title VII); *Williams v. Banning*, 72 F.3d 552, 553-54 (7th Cir. 1995) (holding that individuals cannot be held liable under Title VII).  Dicta in one Seventh Circuit case indicates that ADEA does not encompass individual liability.  *Horwitz v. Bd. of Educ.,* 260 F.3d 602, 610 n.2 (7th Cir. 2001) (in an ADEA claim against an employer, stating "we have suggested that there is no individual liability under the ADEA").  The Northern District court has adopted the Seventh Circuit's suggestion, holding that an individual cannot be held liable under the ADEA.  *See Cheng v. Benson*, 358 F. Supp. 2d 696, 700 (N.D. Ill. 2005).  Based on this case law, although the Seventh Circuit has yet to expressly rule on individual liability under the ADEA, there is no reason to believe that its reasoning will diverge from its decisions on the issue in the Title VII and ADA contexts.  Accordingly, the Court recommends granting the motion to dismiss.

### IV.  Summary

For the reasons stated above, this Court recommends that the Motion To Dismiss Individual Defendants **(#9)** be **GRANTED**.  The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being

served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.,* 797 F.2d 538, 539 (7th Cir. 1986).

 ENTER this 19th day of July, 2006.

               s/ DAVID G. BERNTHAL
               U.S. MAGISTRATE JUDGE