**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
Urbana Division

| | |
|---|---|
| STEVEN R. LARSON,            )<br>                    Plaintiff,    )<br>      v.                            )<br>                                         )<br>WAL-MART SUPER STORE,  )<br>JOE HEATON,                    )<br>RANDY ROCK, and            )<br>AMY FRITTS,                    )<br>                    Defendants. ) | Case No. 06-2076 |

# ORDER

Before the Court is Wal-Mart Stores East, LP's Verified Motion to Compel Plaintiff's Responses to Standard Discovery Requests (#35). Plaintiff filed a response (#37). The Court has carefully reviewed the motion and attached exhibits. The Court has also carefully reviewed Plaintiff's response.

Attached to the motion as Exhibit D is a copy of Plaintiff's response to the request for production and Plaintiff's response to Defendant's interrogatories. The Court need not repeat each interrogatory and response. However, illustrative is the response to interrogatory No. 1. That interrogatory is a very commonly used interrogatory that asks Plaintiff to identify any documents responsive to Defendant's request for production that he did not produce. Plaintiff responded, "No. You have them." This is not responsive. The response is, however, indicative of the pattern of responses where Plaintiff has refused to answer a question or produce documents.

Plaintiff's response does not explain why his answers are justified. His response consists of a detailed recitation of the facts underlying his complaint. It is not even an attempt to justify his discovery responses.

The Court recognizes that Plaintiff is proceeding pro se. As in all pro se cases, the Court has considered Plaintiff's status when evaluating the sufficiency of his responses to discovery.

It is clear that Plaintiff feels very strongly that he has been wronged. The strength of his feelings is not the measure of the strength of his case. He has brought a lawsuit. Defendant has been required to defend. The rules allow the parties to engage in discovery. Plaintiff is not free to follow the rules when they are convenient to him and ignore them when he is not happy with them. He will not be allowed to bring the lawsuit and then fail to participate in the manner required by the rules.

Consequently, Wal-Mart Stores East, LP's Verified Motion to Compel Plaintiff's Responses to Standard Discovery Requests **(#35)** is **GRANTED.** Plaintiff is ordered to fully comply with the requests for production and fully answer the interrogatories within fourteen (14) days of the date of this Order.

In an effort to illustrate what the rules require, the Court now refers to interrogatory No. 2. This is a straightforward interrogatory. It requires specific information. Plaintiff must provide names, dates, and the other information described in the interrogatory. As a further example, the Court now refers to interrogatory No. 3. Plaintiff has included in his response, "You have information." This is not acceptable. Defendant is entitled to know who Plaintiff expects to call as a witness. Plaintiff must provide names. Should he fail to do so, he will be prevented from calling witnesses other than himself at trial.

Failure to comply with the Court's order may result in the imposition of sanctions. While the Court desires all cases to be resolved on the merits, it has, on prior occasions, dismissed cases when plaintiffs have failed to participate in the discovery phase of the litigation. Plaintiff is admonished that such a remedy is available in this case. He is subject to such a sanction.

ENTER this 22nd day of February, 2007.

                                                          s/ DAVID G. BERNTHAL
                                                          U.S. MAGISTRATE JUDGE